## ELA *vs.* FRENCH.

The plaintiff consigned books to the defendant at New-York, for sale on commission, and the defendant, among other things, agreed to cause them to be insured. He neglected to procure an insurance, and the books, while in his possession, were destroyed by fire. In an action upon the contract, it was *held* that the plaintiff was entitled to recover the value of the books, because, in the absence of all other testimony, a contract to insure must be construed to mean a contract to insure them at their value.

ASSUMPSIT. The declaration contained five counts. The first was upon an account annexed for books, and the second was for money had and received. The third count alleged that the defendant, on the 28th day of November, 1834, agreed with the plaintiff that he would sell so many vol-

Ela *v.* French.

umes of Webster's Spelling Book, in New-York, as the plaintiff should, from time to time, furnish ; that he would pay the expense of transportation, except from Concord to Boston, and would at his own expense procure the books to be insured against loss by fire, and guarantee the payment of the money for which they should be sold ; in consideration of which the plaintiff promised to allow the defendant a commission of ten per cent. And the plaintiff averred that on the 25th day of May, 1835, he delivered to the defendant 14602 copies of said spelling-book, &c. ; that the defendant did not procure them to be insured against loss by fire, and that they were destroyed by fire, at New-York, on the 12th day of August, 1835, whereby the defendant became liable to pay their value.

The fourth count set forth a contract similar to the above, to receive the books, &c. ; alleging that the defendant agreed to insure the books against loss by fire, &c., in consideration of a commission of ten per cent. on the sales, and averred the delivery of the books and their destruction by fire, as before.

The fifth count alleged a similar contract to receive the books, &c., and alleged that the defendant agreed that he would insure the books against loss by fire, in consideration, &c., averring the delivery of the books, and that the defendant then and there became and was insured to the plaintiff to the amount of their value, and their subsequent destruction by fire.

Upon the trial it appeared, that on the 28th day of November, 1834, the defendant, who resides in the city of New-York, agreed with the plaintiff at Concord, who is a publisher of Webster's Spelling Book, to receive and sell such books as the plaintiff should forward to him, and account for the proceeds, deducting ten per cent. for all commissions, and all expenses, including insurance, and guarantee of sales, excepting the freight from Concord to Boston.

In pursuance of this contract the plaintiff forwarded the

books mentioned in the declaration, which were received by the defendant. Two boxes of them were sold, and the remainder were destroyed by fire, on the occasion of the burning of the store of the defendant, on the 12th day of August, 1835.

On this evidence, a verdict was taken, by consent, for the plaintiff, for the value of the books, subject to the opinion of this court.

*Bartlett, & Fletcher*, for the plaintiff.

*Perley, & Hutchins*, for the defendant.

GILCHRIST, J. There is no evidence in the case on which to charge the defendant upon the first count, for books sold and delivered, nor upon the second count, for money had and received. The only question in the case arises upon the other counts, which allege a delivery of the books to the defendant, for sale on commission; a contract by him to cause them to be insured, and their subsequent destruction by fire, without any insurance having been effected upon them. The plaintiff has proved the contract, as alleged in the declaration, and the breach of it by the defendant, in neglecting to effect an insurance upon the books, and their destruction by fire; and the only question seems to be, whether the plaintiff shall recover the value of the books, as damages for the breach of the contract.

The defendant has offered no evidence to show the course of business, or the custom and usage of merchants in contracts of this kind, if any custom exist. Nor has he shown whether, by the usage of merchants in New-York, a contract to insure generally goods consigned for sale on commission, is understood to impose on the party the duty of causing the goods to be insured at their full value, or for a less amount. We have, then, before us, evidence of a contract to insure,

Ela *v.* French.

and of a breach of that contract ; and without any thing to explain it, what rule of damages can we adopt ? The loss to the plaintiff was the value of the books ; and we must presume, in the absence of evidence, that if they had been insured, it would have been for their value. This value, then, is the only measure of damages. Probably the insurance offices in the city of New-York have some rule for their guidance in granting policies upon property of this character, and perhaps they will not insure beyond a certain proportion of the value of such property. But even if this be so, we have no evidence to guide us in ascertaining the rate per cent. upon the value of the books. When we lay aside the value of the books as our guide, we have no more authority to take one sum than another, as the extent of the damages, for there is no custom of which we can judicially take notice.

We must, therefore, consider this as a contract to insure the books at their full value. If the defendant had desired to limit his liability to any particular sum, by proof of any custom explanatory of contracts of this description, it was competent for him to offer such evidence. As this has not been done, there must be

*Judgment on the verdict.*